IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GADSDEN INDUSTRIAL PARK, LLC,

    Plaintiff,

v.

No. 13-924 L

THE UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, Gadsden Industrial Park, LLC ("GIP"), by and through its undersigned counsel, and files this Complaint against the United States of America ("USA") seeking just compensation pursuant to the Fifth Amendment of the United States Constitution, and in so doing asserts as follows:

## PARTIES AND JURISDICTION

1. GIP is a Delaware limited liability company with a primary place of business located at 174 South 26th Street, Gadsden, Alabama 35904.

2. Defendant is the USA acting through its lawfully authorized employees, agents and agencies, including but not necessarily limited to the Environmental Protection Agency ("EPA"), which is itself a Federal Agency, acting by and through its employees, agents, servants and contractors.

3. GIP's claims arise under the just compensation clause of the Fifth Amendment to the Constitution of United States. This Court possesses jurisdiction over such Constitutional Claims under the Tucker Act, 28 U.S.C. §1491(a)(1).

## FACTUAL BACKGROUND

4. GIP is in the business of storing railroad cars for a fee. Toward that end, GIP is the rightful, lawful owner of several lines of installed railroad track situated on portions of a parcel of property formerly known as the Gulf States Steel Site located in Gadsden, Alabama.

5. GIP has used and continues to use the track located on the Gulf States Steel Site to store railroad cars in furtherance of its business.

6. At some point, the EPA designated portions of the Gulf States Steel Site, including those portions upon which GIP's owned track was installed, as a "Superfund" site under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9601 *et seq.*

7. The EPA, through its employees, agents and/or subcontractors, were at all times on full notice that the railroad track located on the site was owned by GIP.

8. Upon information and belief, in or around the summer of 2012, acting in purported furtherance of its CERCLA remediation activities on-site, the EPA, by and through its employees, servants, agents, and/or contractors, uninstalled, tore up from the ground, and removed roughly 1,400 feet (or 2,900 feet of rail) of GIP's railroad track from the property, along with all accompanying ties, plates, spikes, and the like.

9. Upon information and belief, that railroad track was discarded and/or sold and is no longer in the EPA's possession, nor in the possession of the EPA's agents or subcontractors.

10. In addition, the EPA, by and through its agents, servants, employees and/or contractors, has completely covered and thereby rendered wholly unusable another 1,000 feet of track (or 2,000 feet of rail) owned by GIP on-site.

11. No compensation has been paid to GIP, despite numerous requests for the same.

## CLAIM FOR RELIEF

## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION

12. Paragraphs 1 through 11 are incorporated by reference.

13. The Fifth Amendment to the Constitution of the United States provides that no person shall be "deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation."

14. The actions of the USA in removing GIP's railroad track from the Superfund site, and also in covering it and rendering it wholly unusable, constitute a taking of GIP's private property, for which just compensation is due under the Fifth Amendment to the United States Constitution

15. The USA has not paid just compensation for taking GIP's property, in violation of the Constitution.

16. Accordingly, GIP is entitled to the following damages:

  (a) Just compensation for this property;

  (b) Pre-judgment and post-judgment interest;

  (c) Attorney's fees and costs of prosecuting this matter;

  (d) A declaration that a Fifth Amendment taking has occurred; and

  (e) Such other relief in the interest of justice as the Court may be deem appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the requested relief.

By_____
Avrum Levicoff, Esquire
Pa. I.D. #26044
Edward I. Levicoff, Esquire
Pa. I.D. #200108
LEVICOFF, SILKO & DEEMER, P.C.
Suite 1900 Centre City Tower
650 Smithfield Street
Pittsburgh, PA 15222
(412)434-5200

*Attorney for Plaintiff*